UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT EARL BAILEY #04077385, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3: 05-CV-0637-B |
| | § | |
| MIKE CANTRELL, DALLAS COUNTY | § | |
| COMMISSIONER, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is the Motion to Dismiss filed by the University of Texas Medical Branch

("UTMB") on August 25, 2005.  For the reasons that follow, the Court GRANTS the motion.

### I. Factual and Procedural Background

On October 29, 2002, UTMB entered into an interlocal agreement (the "Agreement") with

Dallas County, Texas (the "County") and the Dallas County Hospital District ("DCHD") under

which UTMB agreed to provide and administer health care services to inmates housed in Dallas

County jail facilities.  (Dallas County Defs.' Resp. App. ["Resp. App."] at 5).  The Agreement

contains the following indemnification provision:

> To the extent authorized by the Constitution and laws of the State of Texas, UTMB shall
> hold harmless and indemnify DCHD, the County, the Sheriff (individually and in his official
> capacity) the Commissioners and Board members and their officers and employees, from and
> against any and all claims, liabilities, losses, judgments, expense and/or damages, including
> reasonable attorney's fees and court costs, resulting from or attributable to any act or
> omission of UTMB, its officers and employees, including any acts constituting negligence.

(*Id.* at 12).

1

On March 31, 2005, Plaintiff Robert Earl Bailey, an inmate currently confined at the Dallas County Jail, filed suit against various Dallas County Commissioners, UTMB doctors, and the Dallas County Sheriff, bringing claims of negligence and for violating his civil rights under 42 U.S.C. § 1983. Among other things, Bailey specifically complains that Defendants failed to adequately provide medical attention to tumors that he claims are growing in his body and to his Hepatitis C condition. (Compl. at p. 6). He also complains of the level and quality of health care generally at the Dallas County Jail and alleges that the medical needs of its prisoners are neglected. (*Id.* at 4). Bailey asserts that the Defendants' actions and/or omissions amount to cruel and unusual punishment and medical malpractice.

On August 12, 2005, Defendants Mike Cantrell, Maurine Dickey, Ken Mayfield, and Lupe Valdez (the "Dallas County Defendants" or the "County") filed a Third Party Complaint against UTMB for breach of contract, indemnification, and negligence. On August 25, 2005, UTMB moved to dismiss the Dallas County Defendants' Third Party Complaint, chiefly on the ground that the Eleventh Amendment to the United States Constitution cloaks it with immunity from suit in federal court.[1]

## II. Analysis

The Eleventh Amendment generally bars suit in federal court against an unconsenting state. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54-55 (1996). Eleventh Amendment immunity

---

[1] UTMB moves for dismissal for failure to state a claim for which relief can be granted under Rule 12(b)(6), Federal Rules of Civil Procedure, or, alternatively, for failure to state a claim over which this Court has jurisdiction. Because immunity under the Eleventh Amendment presents jurisdictional issues, the Court will construe UTMB's motion as a Rule 12(b)(1) motion. *See Mims v. Dallas County*, 2005 WL 1553961, at *1 n.2 (June 30, 2005) (citing *Chalmers v. Lane*, 2003 WL 23109794, at *2 (N.D. Tex. Dec. 23, 2003)).

extends not only to states themselves, but also to state agencies or departments. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). UTMB is considered an agency of the State of Texas. *See Mims v. Dallas County*, 2005 WL 1553961, at * 2 (N.D. Tex. June 30, 2005); *Gresham v. Univ. of Texas Med. Branch*, 2005 WL 267705, at *1 (Tex. App. – Beaumont Feb. 3, 2005, pet. denied). Thus, a party cannot sue UTMB in federal court unless it has consented to suit or has otherwise waived its immunity. *Id.*

The Dallas County Defendants argue that UTMB waived its immunity from suit by 1) entering into the Agreement, which, by its terms requires UTMB to indemnify the Dallas County Defendants; and by 2) "acting in a proprietary, for-profit capacity and receiving compensation of more than $26,000,000 from the County under the Agreement." (Resp. Brief at 6). These very same arguments were advanced by Dallas County in *Mims v. Dallas County*, No. 3: 04-CV-2754-M, currently pending before Judge Barbara Lynn in the Northern District of Texas. *Mims* involves many of the same parties and issues that are present in this case. The plaintiffs in *Mims* are former inmates of the Dallas County Jail who are suing Dallas County and others for, among other things, failing to provide adequate medical care and treatment to mentally ill inmates.

There, as here, Dallas County filed a third party complaint against UTMB for indemnity, breach of contract, and negligence, arising out of the Agreement, and UTMB filed a motion to dismiss, claiming immunity under the Eleventh Amendment. Magistrate Judge Kaplan found that UTMB was entitled to immunity and recommended that Dallas County's third party complaint be dismissed without prejudice for lack of subject matter jurisdiction. Judge Lynn accepted Judge Kaplan's findings that UTMB's immunity was not waived by the Agreement or by UTMB's conduct. Judge Lynn rejected the findings solely "on the issue of whether the immunity claimed by UTMB is

3

abrogated insofar as claims are asserted based upon [the Americans with Disabilities Act and the Rehabilitation Act]." (September 20, 2005 Order, No. 3:04-CV-2754-M).  Here, Bailey does not assert any claims under the ADA or the Rehabilitation Act.

As recognized by Magistrate Judge Kaplan in *Mims*, the very terms of the Agreement on which the Dallas County Defendants base their claims defeat the County's argument that UTMB has waived its immunity.  The following provisions, for example, make clear that the parties expressly agreed that UTMB's immunity was not waived by the Agreement:

- This Agreement shall be expressly subject to DCHD and UTMB's governmental immunity . . . and all applicable federal and Texas law.  (Resp. App. at 14);

- [N]either the execution of this Agreement, nor the conduct, act or inaction by any person in the execution, administration or performance of this Agreement constitutes or is intended to constitute a waiver of UTMB's . . . immunity from suit.  (*Id*. at 13).

Thus, far from indicating that UTMB consented to being sued in federal court, the unambiguous language of the Agreement conclusively establishes that UTMB's immunity is preserved.  *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (waiver of Eleventh Amendment immunity will be found "only where stated by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.")  (internal quotations and citation omitted); *see also Iowa Valley Comty. Coll. Dist. v. Plastech Exterior Sys. Inc.*, 256 F.Supp.2d 959, 964 (S.D. Iowa 2003) (state department did not waive Eleventh Amendment immunity by entering into contract).

The Dallas County Defendants next argue that UTMB waived its immunity through its conduct – that is, by "acting purely as a commercial vendor supplying medical services." (Resp. Brief at 11).  This argument, too, fails for the reasons stated by Magistrate Judge Kaplan in *Mims*:

4

"Although a state agency may waive sovereign immunity by its conduct, UTMB has not engaged in any of the activities courts have found sufficient to waive immunity." *Mims*, 2005 WL 1553961, at *3 (citing *Lapides v. Bd. of Regents of the Univ. Sys. of Georgia*, 535 U.S. 613, 620 (2002) (government waived immunity by removing to federal court); *Reata Constr. Corp. v. City of Dallas*, 2004 WL 726906, at *2 (Tex. April 2, 2004) (unpublished) (government waives immunity by asserting affirmative claims); *Catalina Dev., Inc. v. County of El Paso*, 121 S.W.3d 704, 705 (Tex. 2003) (entering into contract does not waive immunity). UTMB has not waived its immunity through conduct.

### III. Conclusion

For the foregoing reasons, the Court GRANTS UTMB's Motion to Dismiss Third Party Complaint. The Third Party Complaint against UTMB is accordingly DISMISSED without prejudice for lack of subject matter jurisdiction. A judgment dismissing the Dallas County Defendants' Third Party Complaint will issue today by separate order.

**SO ORDERED.**

**SIGNED September 29, 2005**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

5