## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERT EARL BAILEY #04077385,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3: 05-CV-0637-B** |
| | § | |
| **MIKE CANTRELL, DALLAS COUNTY** | § | |
| **COMMISSIONER, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>MEMORANDUM ORDER</u>

Before the Court is Plaintiff Robert Earl Bailey's "Motion Asking for Class Action Status"

(doc. 54), filed September 2, 2005.  For the reasons stated below, Bailey's motion is DENIED.

### I.  Factual Background

On March 31, 2005, Plaintiff Robert Earl Bailey, an inmate currently confined at the Dallas

County Jail, filed suit against various Dallas County Commissioners, UTMB doctors, and the Dallas

County Sheriff, bringing claims of  negligence and for violating his civil rights under 42 U.S.C. §

1983.  Among other things, Bailey specifically complains that Defendants failed to adequately

provide medical attention to tumors that he claims are growing in his body and to his Hepatitis C

condition. (Compl. at p. 6).  He also complains of the level and quality of health care generally at

the Dallas County Jail and alleges that the medical needs of its prisoners are neglected.  (*Id.* at 4).

Bailey asserts that the Defendants' actions and/or omissions amount to cruel and unusual

punishment and medical malpractice.  Bailey seeks certification of this suit as a class action.

## II. Analysis

Motions for class certification are governed by Federal Rule of Civil Procedure 23(a). Under Rule 23(a), a plaintiff seeking to certify a class bears the burden of meeting the rule's requirements of (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. FED. R. CIV. P. 23(a); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14 (1997). In deciding whether to certify a class, the Court must conduct a rigorous analysis to ensure that each of Rule 23(a)'s requirements have been satisfied. *Gen. Tel. Co. of Southeast v. Falcon*, 457 U.S. 147, 161 (1982).

Both the Dallas County Defendants[1] and the UTMB Defendants[2] contend that Bailey cannot meet any of Rule 23(a)'s requirements. The Court agrees. For example, Bailey fails to show that the proposed class is "so numerous that joinder of all members is impracticable." *Garcia v. Gloor*, 618 F.2d 264, 267 (5th Cir. 1980) (quoting FED. R. CIV. P. 23(a)(1)). Although Bailey contends that "all inmates at the Dallas County Jail are subjected to substandard care" and that "there are potentially thousands of prisoners, detainees, offenders, [and] inmates that are booked into and out of the Dallas County Jail each year" (Mot. for Class Cert. at 1), his conclusory allegations are insufficient to justify class certification. *See Fleming v. Travenol Labs., Inc.*, 707 F.2d 829, 833 (5th Cir. 1983).

Bailey has also failed to show that he is an adequate representative of the class. Other courts have found that *pro se* plaintiffs are improper class representatives. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Allnew v. City of Duluth*, 983 F.Supp. 825, 831 (D. Minn. 1997).

---

[1] The Dallas County Defendants consist of Mike Cantrell, Maurine Dickey, Ken Mayfield and Lupe Valdez.

[2] The UTMB Defendants consist of University of Texas Medical Branch – Correctional Managed Care employees Ben Raimer and Paul Mills.

2

The Court agrees with the decisions of those cases and finds that Bailey has failed to show that the proposed class would be adequately represented.

Nor has Bailey shown that Rule 23's commonality and typicality requirements have been met. Bailey complains that he was deprived of medications for a period of days and concludes that "this reflects an operational problem within the jail and maybe jail policy itself" potentially affecting "thousands of prisoners". (Mot. for Class Cert. at 2). The Court finds that these conclusory allegations are insufficient to satisfy Rule 23's commonality and typicality requirements. *Belles v. Schweiker*, 720 F.2d 509, 515 (8th Cir. 1983) ("Proof of typicality requires more than general conclusory allegations."); *Zapata v. IBP, Inc.*, 167 F.R.D. 147, 158 (D. Kan. 1996) ("Plaintiffs cannot simply leap from the premise that they were the victims of discrimination to the position that others must also have been. ") (internal quotations and citations omitted).

### III.  Conclusion

In sum, the Court finds that Bailey has failed to meet his burden of showing that each of the required elements for class certification have been satisfied, and his "Motion Asking for Class Action Status" is accordingly DENIED.


SO ORDERED.

SIGNED December 5, 2005


JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

3